IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ARTURO MORENO, #114415                                              PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  2:10cv161-KS-MTP

EDWIN L. PITTMAN, JR., attorney-at-law                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this complaint [1] pursuant to 42 U.S.C. § 1983.  The only named Defendant is Edwin L. Pittman, Jr., an attorney whose address is 5295 Old Highway 11, Suite 3, Hattiesburg, Mississippi 39402.  Plaintiff seeks as relief a refund of the money, including interest, that was paid to Defendant for representing him in his state criminal conviction.

An order [6] was entered on September 20, 2010, directing Plaintiff to provide additional information concerning his complaint [1].  Plaintiff complied with the order [6] by filing his response [7] on October 8, 2010.  Having reviewed the complaint [1] as well as Plaintiff's response [7], the Court has come to the following conclusion.

Background

Plaintiff states in his complaint [1]  that Defendant Pittman served as the Municipal Court Judge when he signed a warrant for Plaintiff's arrest for D.U.I. manslaughter and two counts of D.U.I. mayhem on or about July 12, 2004.  Later, the Plaintiff alleges that Defendant Pittman accepted a $4,000.00 retainer to represent Plaintiff for the criminal charges of D.U.I. manslaughter and two counts of D.U.I. mayhem whereby defendant Pittman acted as the Municipal Court Judge in issuing the warrant and signing additional court documents.  After a

judicial complaint was filed by the Plaintiff against him, Defendant Pittman was found guilty of violating the Code of Judicial Conduct of Mississippi Judges by the Mississippi Supreme Court and as a result he was given a public reprimand and assessed costs in the amount of $100.00. Plaintiff states that Defendant Pittman has refunded $1,500.00 of the $4,000.00 retainer fee that was paid by Plaintiff's family. Plaintiff is requesting as relief monetary damages in the amount of $2,500.00, the balance of the retainer fee owed, as well as payment of interest on this outstanding balance.

In his response [7], Plaintiff states that his convictions and sentences which are the basis of this civil action have not been invalidated, reversed or expunged. In fact, Plaintiff further states in his response [7] that the appeal of his state court convictions and sentences are pending before the Mississippi Court of Appeals in *Moreno v. State*, 2009-CP-1001-COA (Miss. filed June 19, 2009).

## Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).  "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991).  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against Defendant Pittman as a Municipal Court Judge or as Plaintiff's attorney in his state criminal trial.

Case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978).  The United States Supreme Court stated that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *see also Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").  Because absolute immunity is properly viewed as "*immunity from suit* rather than a mere defense to liability," *Mitchell*, 472 U.S. at 526, it is appropriate for the district courts to

3

resolve the question of absolute immunity as quickly as possible.

Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit in *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), has developed a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515. Moreover, "[t]he fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.3d 229, 230 (5th Cir. 1991).

Plaintiff's claims against Defendant Pittman as a judge relate to him issuing a warrant for Plaintiff's arrest and signing other court documents. Therefore, when the *Ballard* factors are applied to the allegations, this Court finds that Plaintiff has failed to assert any claims against Defendant Pittman that were not taken in the normal judicial function during a criminal case. *See Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005). Consequently, this Court finds that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Defendant Pittman since he is judicially immune.

Furthermore, the claim that Defendant Pittman was ineffective when representing the Plaintiff in his criminal case because he was violating the Code of Judicial Conduct of

Mississippi Judges puts into issue the validity of the Plaintiff's conviction and sentence.  The United States Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  *Heck v. Humphrey*, 512 U.S. 477 (1994)  The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If Plaintiff was successful in this § 1983 action concerning the claim of ineffective assistance of counsel, it would imply the invalidity of his convictions.  Since this § 1983 action calls into question the validity of Plaintiff's convictions and because Plaintiff's convictions have not been invalidated[2], this Court finds that Plaintiff's cannot maintain this claim and thus, this complaint should be dismissed as frivolous.  *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

---

[2]This Court finds that the Plaintiff's state court appeal is pending with the Mississippi Court of Appeals in *Moreno v. State*, 2009-CP-1001 (Miss. filed June 19, 2009).

5

## Conclusion

As discussed above, Defendant Pittman as a municipal court judge is immune from suit and Plaintiff's claim that Defendant Pittman as his attorney was ineffective as his attorney is frivolous because this claim is barred by *Heck*. Consequently, the Court finds this complaint should be dismissed with prejudice since Defendant Pittman is immune and since his claim of ineffective assistance of counsel is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## Three-strikes provision

Because this case will be dismissed pursuant to the above mentioned provision of the PLRA, it will be counted as a "strike".[3]  If Plaintiff receives "three strikes", he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue this date.

SO ORDERED, this the 19th  day of January, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.